# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NANCY LYNN GAMBOA, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**WAL-MART STORES, INC. ASSOCIATES'** )<br>**HEALTH AND WELFARE PLAN,** )<br>)<br>)<br>**Defendant.** ) | Case No. 06-CV-0239-CVE-SAJ |

## OPINION AND ORDER

Now before the Court for consideration is Defendant's Motion to Stay and Brief in Support (Dkt. # 12). Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("Wal-Mart") asks this Court to stay the instant litigation pending the outcome of an appeal to Eighth Circuit Court of Appeals in a similar case in the Western District of Arkansas, Administrative Committee of the Wal-Mart Stores, Inc. Associates Health & Welfare Plan v. Gamboa, Case No. 05-5007. Plaintiff opposes Wal-Mart's motion, claiming that staying the action would result in a delay of at least a year and postpone potential class certification.

In this case, Wal-Mart relied on a "reduction, reimbursement and subrogation" provision in its health and welfare plan ("plan") to request that plan beneficiaries reimburse Wal-Mart for previously paid health insurance benefits after the beneficiaries settled tort claims with third parties. The beneficiaries refused and Wal-Mart filed an ERISA claim in the Western District of Arkansas seeking a judgment that it was entitled to recoup benefits under the plan. That court entered a final judgment in favor of the beneficiaries on April 13, 2006, and the appeal, Administrative Committee of the Wal-Mart Stores, Inc. Associates Health & Welfare Plan v. Gamboa, Case No. 06-2285, is

currently pending before the Eighth Circuit. The briefing cycle for the appeal is under way and appellant's reply brief is due on August 4, 2006. On May 1, 2006, the beneficiaries filed a complaint in the Northern District of Oklahoma against Wal-Mart seeking a declaratory judgment that they did not have to reimburse Wal-Mart and that Wal-Mart has wrongfully withheld benefits under its the plan.

This Court has the inherent authority to control its docket, which includes the power to stay cases in the interests of judicial economy. United Steelworkers of America v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). The Tenth Circuit has listed four factors to consider when assessing the propriety of stay due to an appeal in a related proceeding: (1) "whether the defendants are likely to prevail in the related proceeding;" (2) "whether, absent a stay, the defendants will suffer irreparable harm;" (3) "whether, the issuance of a stay will cause substantial harm to the other parties to the proceeding;" and (4) "the public interests at stake." United Steelworkers of America, 322 F.3d at 1227. The Court is also mindful of the general rule that "where the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court." O'Hare International Bank v. Lambert, 459 F.2d 328, 331 (10th Cir. 1972) (citing Cessna Aircraft Co. v. Brown, 348 F.2d 689 (10th Cir. 1965)).

The first federal court to assume jurisdiction in this case was the Western District of Arkansas. The dispositive issue in that case was whether the Summary Plan Document ("SPD") was incorporated into the plan. The SPD included a provision that Wal-Mart had a "right to reduction,

2

reimbursement and subrogation," but the Western District of Arkansas ruled that the SPD was not part of the plan and Wal-Mart did not have a right to recoup benefits from plan beneficiaries. The Eighth Circuit has been asked to consider whether the SPD is part of the plan and, consequently, whether Wal-Mart has any claim to proceeds from third party settlements received by plan beneficiaries. In this Court, plaintiffs' class action complaint seeks a declaratory judgment that the SPD does not amend the plan and that Wal-Mart may not seek reduction, reimbursement or subrogation from plan participants. The two cases involve the same parties, with the exceptions of Baudelio Jose Gamboa, who was a defendant in the Western District of Arkansas but has not been joined in this Court, and Vicki Vitacolonna, who is a plaintiff in this Court but was not named as a defendant in the Western District of Arkansas. Plaintiffs' contention that the same parties and same issues are not involved in these two cases is unfounded, as the parties and issues in the cases substantially overlap.[1] The Eighth Circuit's ruling, although not binding precedent, would likely have preclusive effect on the parties that are presently before this Court.[2]

---

[1] Plaintiffs suggest that the issues in the two cases are not identical, as plaintiffs' class action complaint seeks a prospective ruling that Wal-Mart may not seek reduction, reimbursement or subrogation in the future and that Wal-Mart is refusing to pay benefits owed under the health plan. Although the issues before the Eighth Circuit concern Wal-Mart's right to seek compensation for benefits already paid, the underlying legal issues are substantially the same, as this Court will inevitably be required to determine what documents are part of the plan.

[2] Plaintiffs argue that any ruling by the Eighth Circuit would not be binding precedent on this Court and that a stay would be futile. Although rulings by courts in other federal circuits would not be binding precedent, in cases involving the same parties those rulings could potentially preclude this Court from ruling on issues already litigated in another court. See Harrison v. Eddy Potash, Inc., 248 F.3d 1014 (10th Cir. 2001); Frandsen v. Westinghouse Corp., 46 F.3d 975 (10th Cir. 1995).

Much of the dispute over staying these proceedings concerns the issue of class certification. Plaintiffs claim that staying the case would delay discovery and class certification for at least a year, and that plaintiffs would be seriously harmed if Wal-Mart was allowed to withhold benefits under its the plan. Based on the Eighth Circuit's scheduling order, it seems that plaintiffs' concerns about a lengthy delay are largely misplaced, as the briefing cycle for the appeal will be concluded by August 4, 2006 and it is unlikely that it will take the Eighth Circuit a full year to issue a ruling on Wal-Mart's appeal. Wal-Mart also claims that it has amended its plan to limit any risk of future harm to plan participants. There is no indication that a stay will cause an extensive delay or prejudice the plaintiffs.

Wal-Mart claims that the costs of discovery related to class certification would be burdensome, and that, in any event, class certification will have to wait until the Eighth Circuit rules on Wal-Mart's appeal. Plaintiffs claim that any delay in class certification will harm potential plaintiffs, and that a class should be certified as quickly as possible. Although class certification should be dealt with "at an early practicable time," that does not necessarily mean the Court must consider class certification immediately. Reeb v. Ohio Dept. of Rehabilitation and Correction, 435 F.3d 639, 657 (6th Cir. 2006) (district court possesses the inherent power to manage litigation and control matters related to class certification); Weiss v. Regal Collections, 385 F.3d 337, 347-48 (Rule 23(c)(1)(a) does not require expedited ruling on class certification and there may by many valid reasons to delay class certification); Gauder v. Leckrone, 366 F. Supp. 2d 780, 783 (W.D. Wis. 2005) (Rule 23 does not prevent court from considering dispositive motions before ruling on class certification, especially when a dispositive motion relates to the viability of plaintiffs' class action claims). The Eighth Circuit's ruling will limit the legal issues before this Court, regardless of which

4

party prevails on appeal. Plaintiffs' desire to certify a class action does not justify proceeding with expensive and potentially wasteful pretrial discovery when it is unclear what legal issues will remain after the Eighth Circuit's decision.

Although a stay would cause some delay, plaintiffs will not be unduly burdened by a stay pending the Eighth Circuit's ruling on the appeal involving the same parties and similar legal issues. However, proceeding without any clear idea of what legal issues may eventually remain for possible class certification would impose a significant burden on the defendant and the Court. When the equities of the case are balanced, the Court finds that a stay would avoid a needless waste of resources by the parties and preserve judicial economy. If, as plaintiffs suggest, much of the discovery plaintiffs need to prepare a motion for class certification was already produced in the parallel case in the Western District of Arkansas, there is no reason to rush a decision on class certification.[3] Until the Eighth Circuit rules, this Court will not know what issues remain to be resolved and there is no reason to proceed with pretrial discovery or class certification.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay and Brief in Support (Dkt. # 12) is **granted**. The case is hereby **stayed**, and the parties are ordered to submit a status report no later than **November 1, 2006** regarding the status of the appeal before the Eighth Circuit.

**DATED** this 12th day of July, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3]  Plaintiffs suggest that the only discovery they need that was not produced in the previous case is a complete copy of all plan documents. A stay of litigation would not prevent plaintiffs from requesting these documents from Wal-Mart, because, as plan beneficiaries, ERISA grants them the right to request these documents at any time without resorting to a pretrial discovery request. 29 U.S.C. § 1024(b)(4).